IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNA J. HILL and YOLANDA
CHACON-VALLE, on Behalf of the New
Mexico Educational Retirement Fund
and its Members and Beneficiaries, or
Alternatively On Behalf of Themselves and
All Other Similarly Situated,

      Plaintiffs,

vs.                                                                                                                                    No. CIV 10-0133 JB/KBM

VANDERBILT CAPITAL ADVISORS, LLC;
VANDERBILT FINANCIAL, LLC; VANDERBILT
FINANCIAL TRUST; PIONEER INVESTMENT
MANAGEMENT, U.S.A., BRUCE MALOTT,
GARY BLAND, VERONICA GARCIA, DOUGLAS
M. BROWN, PATRICK LIVNEY, OSBERT M.
HOOD, STEPHEN C. BERNHARDT, KURT W.
FLORIAN, JR., ANTHONY J. KOENIG, JR.,
MARK E. BRADLEY, RON D. KESSINGER,
ROBERT P. NAULT, JAMES R. STERN, NEW
ENGLAND PENSION CONSULTANTS LLC,
ALDUS EQUITY, SAUL MEYER, JOHN DOE #1
JOHN DOE #2, AND DOES 3-100,  inclusive,

      Defendants,

and

THE NEW MEXICO EDUCATIONAL
RETIREMENT FUND,

      Nominal Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Emergency Expedited Motion and Memorandum for Extension of Time to File Response Brief to Plaintiffs' Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Document 46), filed September 13,

2010 (Doc. 51)("Motion").  The Court held a hearing on September 21, 2010.  The primary issues are: (i) whether the Court should extend the time for certain Defendants -- Bruce Malott, Gary Bland, Veronica Garcia, and Douglas N. Brown ("Individual State Defendants") -- to respond to the Plaintiffs' Motion for Partial Summary Judgment and Incorporated Memorandum of Law, filed September 3, 2010 (Doc. 46)("MPSJ"), until the Court decides The Individual State Defendants' Motion to Dismiss Plaintiff's Claims, filed August 31, 2010 (Doc. 41)("MTD"); and (ii) if the Court does not grant the Individual State Defendants' first request, whether the Court should grant s four-week extension of time to respond to the MPSJ until the end of the day on October 15, 2010.  Because sovereign immunity protects defendants not just from the burden of trial, but from the burden of pretrial litigation, and because the Individual State Defendants have raised the defense of sovereign immunity,  the Court grants in part the Individual State Defendants' Motion, extending the time that they are required to respond to the MPSJ until fourteen days after the Court decides the MTD.

### FACTUAL BACKGROUND

The Plaintiffs are members of the Educational Retirement Fund (the "Fund"), a public pension plan established for education professionals employed by the State of New Mexico and other government entities within the state.  The Plaintiffs seek to recover damages for the Fund from the Defendants, who the Plaintiffs allege have caused the Fund to suffer losses from improper investment actions.  The relevant factual background of the Plaintiffs' motion for partial summary judgment is narrowly cabined.  The motion addresses exclusively the Education Retirement Board's consideration of one investment -- the so-called Vanderbilt investment -- at back-to-back meetings on May 12, 2006.

## **PROCEDURAL BACKGROUND**

The Defendants have many law firms representing them. Extremely competent, able counsel represent the Individual State Defendants, as well as the other parties in this case. The parties' heavily negotiated stipulation and Court order, see Doc. 28, governs the sequence of procedural events in this case. That stipulation stays discovery, but does not limit the Plaintiffs' ability to file a dispositive motion.

The Plaintiffs filed their MPSJ so that the Defendants' counsel could brief the MPSJ at the same time the Plaintiffs' counsel were responding to the Defendants' multiple and lengthy motions to dismiss. The Plaintiffs' MPSJ seeks summary judgment solely as to the Individual State Defendants on the breach of fiduciary duty count, set forth as Count I of the Amended Complaint, filed June 30, 2010 (Doc. 30). The Plaintiffs' motion seeks a judgment on behalf of the New Mexico Educational Retirement Fund. The MPSJ is twenty-five pages in length and has attached to it twenty-four exhibits, totaling 326 pages. The MPSJ states seventy-eight "material facts" about which it contends that no genuine issues exist. Included within the exhibits are two declarations of expert witnesses whom Hill has retained, which opine on matters pertinent to the MPSJ.

The Defendants filed several motions to dismiss on August 31, 2010, totaling eighty-two pages. The MTD seeks a dismissal of the entire amended complaint as to the Individual State Defendants on seven grounds. If the Court were to grant the MTD on any of three of these grounds -- lack of standing, lack of derivative standing, or tort claim immunity -- the Court would be dismissing Count I, which would in turn render the MPSJ moot. A major ground set forth in the MTD why the Court should dismiss the breach of fiduciary-duty count is because a breach-of-fiduciary-duty action sounds in tort, and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1

through 41-4-27, provides the Individual State Defendants immunity are from tort actions.

In conformance with local rules, counsel for the Individual State Defendants requested the relief set forth in the motion from Hill's counsel, but Hill's counsel indicated that she would oppose such relief. The Individual State Defendants move the Court for an order extending their time to respond to the MPSJ until after the Court decides their MTD. The Individual State Defendants also request that, should the Court choose not to allow the Individual State Defendants to delay filing their responses until the Court's ruling on the MTD, then, alternatively, the Court should grant them a four-week extension of time to respond to the MPSJ until the end of the day on October 15, 2010. The Individual State Defendants contend that such an extension is warranted both by the volume and complexity of the MPSJ and by the schedules of the Individual State Defendants' attorneys: the attorney for Garcia has been out of state since September 1, 2010, and will not return until September 20, 2010; the attorney for Brown will be out of the country from September 18 to 22, 2010; and the attorney for Bland was out of state from September 3 to 8, 2010. The Individual State Defendants maintain that the delay they request will not cause prejudice to Hill.

On September 15, 2010, the Plaintiffs filed their Opposition to the Trustee Defendants' Emergency Expedited Motion for an Extension of Time to File a Response to Plaintiffs' Motion for Partial Summary Judgment. See Doc. 54. The Plaintiffs oppose the Defendant's Motion. The Plaintiffs do not oppose a reasonable extension to accommodate counsel's schedule as long as the Plaintiffs' motion becomes ripe for a judicial determination at the same time as the Defendants' motions. The Plaintiffs do not object to a reasonable extension of time provided that the motions will be heard at the same time. The Plaintiffs also state that, if the Court grants the Defendants' motion for an extension, they would request a similar short extension. The Plaintiffs' counsel state

that they intend to adhere to the briefing schedule, but would be prepared to agree to a short delay for both sides to accommodate counsel's schedules. In conclusion, the Plaintiffs state that the Court should deny the Individual State Defendants' motion for an open-ended extension, and that the Court should put both sets of motions on target for a simultaneous and expeditious determination.

## **LAW REGARDING WHEN TO DECIDE CLAIMS OF SOVEREIGN IMMUNITY**

The United States Court of Appeals for the Tenth Circuit has held that district courts should decide claims of sovereign immunity, like claims of qualified immunity, before allowing discovery. See Liverman v. Community on the Judiciary, 51 F. App'x 825, 827 (10th Cir. 2002)("Finding no logical reason why [qualified immunity protections] should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law, we conclude that the district court . . . [may] stay[] discovery pending resolution of the Committee's motion to dismiss." (citing Siegert v. Gilley, 500 U.S. 226 (1991))). The federal courts have always dealt with qualified immunity in the early stages of a case. See Siegert v. Gilley, 500 U.S. at 233 ("Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits."). The Supreme Court of the United States has suggested that sovereign immunity provides greater protection than qualified immunity. See Owen v. City of Independence, Mo., 445 U.S. 622, 647 (1980)("[S]overeign immunity insulates the municipality from unconsented suits altogether, [unlike qualified immunity,] the presence or absence of good faith is simply irrelevant."). At issue in such cases is the principle that a claim of immunity is a claim which creates an "entitlement not to stand trial or face the other burdens of litigation" until the immunity claim is determined. Siegert v. Gilley, 500 U.S. at 233. The immunity is an

"immunity from suit" rather than a mere defense to liability.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(emphasis in original).  See Siegert v. Gilley, 500 U.S. at 233 ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit").  The Supreme Court has recognized that qualified immunity provides

> an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law.  The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.

Mitchell v. Forsyth, 472 U.S. at 526.

Immunity serves to limit "the general costs of subjecting officials to the risks of trial -- distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service."  Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982).  "Harlow emphasizes that even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'"  Mitchell v. Forsyth, 472 U.S. at 526 (quoting Harlow v. Fitzgerald, 457 U.S. at 817).  In Liverman v. Committee On The Judiciary, the Tenth Circuit rejected the argument that the "district court erred in staying discovery pending resolution of the Committee's motion to dismiss," because, in part, "the Committee raised sovereign immunity and other immunity-based defenses in its motion to dismiss."  F. App'x 827.  Based on the Supreme Court's statement that, "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed," Siegert v. Gilley, 500 U.S. at 231, the Tenth Circuit found "no logical reason why this rule should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law."  F. App'x 827-28.

## ANALYSIS

The Individual State Defendants anticipate that preparing responses to such a massive assemblage of verbiage as in the MPSJ will require hours of their time and a significant investment of their litigation resources.  The Individual State Defendants maintain that it would be a waste of time and money for the Court to force the State of New Mexico, which provides the defense for the Individual State Defendants, to fund the responses to the MPSJ before the Court decides the MTD, because the Court's decision as to the MTD may moot the MPSJ.

The Plaintiffs argue that caselaw protects the Defendants only from the burden of responding to discovery requests.  The Court finds, however, that neither the language nor the underlying policy of the governing cases requires that narrow of a reading.  See Mitchell v. Forsyth, 472 U.S. at 526 ("[E]ven such pretrial matters as discovery are to be avoided if possible . . . .'" (emphasis added)).  No significant difference exists between the burden of answering discovery, and the burden of responding to a motion, particularly to a motion of summary judgment, which may require affidavits and other factual development.  Both may serve to "distract[] . . . officials from their governmental duties, inhibit[] . . . discretionary action, and deter[] . . . able people from public service."  Harlow v. Fitzgerald, 457 U.S. at 816.  The cases on immunity warrant the Court relieving the Individual State Defendants of "facing the burden" of responding to the MPSJ before the Court rules on the MTD.

The Plaintiffs contend that prompt consideration of the motion will expedite this recovery, and reduce the time and expense associated with the adjudication of the claims at issue.  The Plaintiffs maintain that any argument predicated on preservation of public resources weighs in favor of their position that the litigation scheduled should be advanced and not delayed.  The Plaintiffs

also assert that the facts are within the Individual State Defendants' personal knowledge. The Plaintiffs argue that responding to their motion will not require factual research beyond the Individual State Defendants' personal knowledge and a review of the documents in their possession. The Plaintiffs further argue that simultaneous consideration of the Defendants' motions to dismiss and their motion for summary judgment will conserve the Court's and the parties' resources.

Sovereign immunity, however is concerned with protecting defendants from suit and not just, if at all, with preserving judicial resources. See Harlow v. Fitzgerald, 457 U.S. at 816. The Court does not conceive the measure of sovereign immunity as being litigatory efficiency, and the Plaintiffs provide no such authority; rather, it is an "entitlement not to stand trial or face the other burdens of litigation" until the immunity claim is determined. Siegert v. Gilley, 500 U.S. at 233. Moreover, even if the facts are within the Defendants' personal knowledge, requiring the Defendants to set them down would "distract[] . . . officials from their governmental duties." Harlow v. Fitzgerald, 457 U.S. at 816. For these reasons, and for the reasons stated on the record at the hearing, the Court grants the request to extend the time for the Individual State Defendants to respond to the MPSJ until the Court decides the MTD.

**IT IS ORDERED** that the Emergency Expedited Motion and Memorandum for Extension of Time to File Response Brief to Plaintiffs' Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Document 46), filed September 13, 2010 (Doc. 51), is granted in part: (i) Defendants Bruce Malott, Gary Bland, Veronica Garcia, and Douglas N. Brown are granted an extension to respond to the Plaintiffs' Motion for Partial Summary Judgment and Incorporated Memorandum of Law, filed September 3, 2010 (Doc. 46), until fourteen days after the Court decides The Individual State Defendants' Motion to Dismiss Plaintiff's Claims, filed August 31, 2010 (Doc.

41); and (ii) the Court denies as moot the contingent request for an extension of time to respond to the MPSJ until the end of the day on October 15, 2010.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gordon H. Rowe, III
The Rowe Law Firm
Albuquerque, New Mexico

*-- and --*

Richard D. Greenfield
Marguerite R. Goodman
Greenfield & Goodman, LLC
New York, New York
*-- and --*

Jonathon Cueno
Michael G. Lenett
Matthew E. Miller
Brendan S. Thompson
Cueno, Gilbert & LaDuca, LLP
Washington, D.C.

  *Attorneys for the Plaintiffs*

Andrew G. Schultz
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

*-- and --*

Peter L. Simmons
Fried, Frank, Harris, Shiver
  &amp; Jacobson, LLP
New York, New York

      *Attorneys for Defendants Vanderbilt Capital Advisors, LLC,*
        *Pioneer Investment Management U.S.A., Inc., Osbert M. Hood,*
        *Stephen C. Bernhardt, Kurt W. Florian, Jr., Anthony J. Koenig, Jr.,*
        *Mark E. Bradley, Ron D. Kessinger, Robert P. Nault, and James R. Stern*

William C. Madison
Rebecca S. Kenny
Madison Harbour & Mroz, P.A.
Albuquerque, New Mexico

*-- and --*

Peter A. Silverman
Joseph A. Donado
Figilulo & Silverman, P.C.
Chicago, Illinois

      *Attorneys for Defendant Patrick Livney*

Nicholas A. Foley
Douglas J. Buncher
John D. Gaither
Neligan Foley LLP
Dallas, Texas

      *Attorneys for Defendant Aldus Equity*

Michael Comeau
Grey W. Handy
Comeau, Maldegen, Templeman & Indall, LLP
Santa Fe, New Mexico

*-- and --*

Roberta Braceras
Jennifer Chunias
Goodwin Procter LLP
Boston, Massachusetts

> *Attorneys for Defendant New England
> Pension Consultants, Inc.*

Henry F. Narvaez
Martin R. Esquivel
Bryan C. Garcia
Denise Michelle Chanez
Narvaez Law Firm, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant Bruce Malott*

Stephen S. Hamilton
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

> *Attorneys for Defendant Gary Bland*

Ellen S. Casey
Jaclyn M. McLean
Hinkle, Hensley, Shanor & Martin, LLP
Santa Fe, New Mexico

> *Attorneys for Defendant Veronica Garcia*

Richard J. Shane
Riley & Shane, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendant Douglas M. Brown*

Paul Shechtman
Stillman, Friedman & Schechtman
New York, New York

> *Attorneys for Defendant Saul Meyer*

William Arland, III
The Arland Law Firm
Santa Fe, New Mexico

*-- and --*

Joseph Goldberg
Mary (Molly) Schnidt-Nowara
Freedman Boyd Hollander Goldberg Ives
   & Duncan, P.A.
Albuquerque, New Mexico

> *Attorneys for Nominal Defendant The*
>   *Educational Retirement Fund*