## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO
PETE V. DOMENICI UNITED STATES COURTHOUSE
333 LOMAS BLVD., N.W., SUITE 660
ALBUQUERQUE, NEW MEXICO 87102
TELEPHONE - (505) 348-2280
FACSIMILE - (505) 348-2285



JAMES O. BROWNING
District Judge

January 18, 2011

**VIA CM/ECF**

Brendan S. Thompson
Matthew E. Miller
Jonathan Cuneo
Michael G. Lenett
Cuneo Gilbert & LaDuca, LLP
507 C Street, N.E.
Washington, D.C. 20002

Gordon H. Rowe, III
Rowe Law Firm, P.C.
1200 Pennsylvania, N.E., #2B
Albuquerque, New Mexico 87110

Richard D. Greenfield
Marguerite R. Goodman
Greenfield & Goodman, LLC
250 Hudson Street, 8th Floor
New York, New York 10013

Shane C. Youtz
Youtz & Valdez, P.C.
900 Gold Avenue, S.W.
Albuquerque, New Mexico 87102

Andrew G. Schultz
Rodey, Dickason, Sloan, Akin & Robb, P.A.
201 3rd Street, N.W., Suite 2200
Albuquerque, New Mexico 87102

Peter L. Simmons
Fried, Frank, Harris, Shriver &
     Jacobson, LLP
One New York Plaza
New York, New York 10004

Martin R. Esquivel
Bryan C. Garcia
Denise Michelle Chanez
Henry F. Narvaez
Narvaez Law Firm, P.A.
Post Office Box 25967
Albuquerque, New Mexico 87125-0967

Gregg Vance Fallick
Gold Avenue Lofts
100 Gold Avenue, S.W., Suite 205
Albuquerque, New Mexico 87102

Stephen S. Hamilton
Montgomery & Andrews, P.A.
325 Paseo de Peralta
Post Office Box 2307
Santa Fe, New Mexico 87504-2307

Counsel of Record
Re: Hill v. Vanderbilt Capital Advisors, LLC et al., No. CIV 10-0133 JB/KBM
January 18, 2011
Page 2

Ellen S. Casey
Jaclyn M. McLean
Hinkle, Hensley, Shanor & Martin, LLP
Post Office Box 2068
Santa Fe, New Mexico 87504-2068

Richard J. Shane
Riley & Shane, P.A.
3880 Osuna Road, N.E.
Albuquerque, New Mexico 87109

Peter A. Silverman
Joseph A. Donado
Figliulo & Silverman, P.C.
10 South La Salle Street, Suite 3600
Chicago, Illinois 60603

William C. Madison
Rebecca Kenny
Madison Harbour & Mroz, P.A.
Post Office Box 25467
Albuquerque, New Mexico 87125

Michael R. Comeau
Grey W. Handy
Comeau, Maldegen, Templeman
   & Indall, LLP
Post Office Box 669
Santa Fe, New Mexico 87504-0669

Jennifer Chunias
Roberto Braceras
Goodwin Procter, LLP
53 State Street
Boston, Massachusetts 02109

Nicholas A. Foley
Douglas Buncher
John D. Gaither
Neligan Foley, LLP
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas 75201

William Arland, III
Arland & Associates, LLC
Post Office Box 1089
Santa Fe, New Mexico 87504

Paul Shechtman
Stillman, Friedman & Shechtman
425 Park Avenue
New York, New York 10022

Joseph Goldberg
Mary E. Schmidt-Nowara
Freedman Boyd Hollander Goldberg Ives
   & Duncan, P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102

Re: Hill v. Vanderbilt Capital Advisors, LLC et al., No. CIV 10-0133 JB/KBM

Dear Counsel of Record:

I want to bring a matter to your attention. I have, with my law clerks, reviewed the Judicial Code of Conduct and do not believe these matters require me to recuse myself. I want, however, everyone to be fully informed about, and fully comfortable with, my participation in the case.

At lunch recently, I learned or realized that the clerk working on this case with me has a mother with an interest in the Educational Retirement Fund. His mother is currently retired and draws a pension from the Fund. I had already screened my other clerk from this case. She has

Counsel of Record
Re: <u>Hill v. Vanderbilt Capital Advisors, LLC et al.</u>, No. CIV 10-0133 JB/KBM
January 18, 2011
Page 3

accepted an offer of employment with Rodey, Dickason, Sloan, Akin & Robb, P.A. upon completion
of her clerkship. Moreover, her mother is a current employee of Albuquerque Public Schools, and
is a member of the Fund. The familial interest in the Fund creates a potential conflict of interest
under section 3F(2)(a)(iv) of the Code of Conduct for Judicial Employees for both clerks.
Section 3F(2)(a)(iv) states:

>  Conflicts of Interest
>
>  (1) A judicial employee should avoid conflicts of interest in the performance of
>  official duties. A conflict of interest arises when a judicial employee knows that he
>  or she (or the spouse, minor child residing in the judicial employee's household, or
>  other close relative of the judicial employee) might be so personally or financially
>  affected by a matter that a reasonable person with knowledge of the relevant facts
>  would question the judicial employee's ability properly to perform official duties in
>  an impartial manner.
>
>  (2) Certain judicial employees, because of their relationship to a judge or the nature
>  of their duties, are subject to the following additional restrictions:
>
>>  (a) A staff attorney or law clerk should not perform any official duties in any
>>  matter with respect to which such staff attorney or law clerk knows that:
>>
>>  . . . .
>>
>>>  (iv) he or she, a spouse, or a person related to either within the third
>>>  degree of relationship, or the spouse of such person (A) is a party to
>>>  the proceeding, or an officer, director, or trustee of a party; (B) is
>>>  acting as a lawyer in the proceeding; (C) has an interest that could be
>>>  substantially affected by the outcome of the proceeding; or (D) is
>>>  likely to be a material witness in the proceeding . . . .

Code of Conduct for Judicial Employees § 3F(2)(a)(iv).

While I have not concluded that my clerks' parents' participation in the Educational
Retirement Fund creates a conflict under section 3F(2)(a)(iv), out of an abundance of caution, I have
decided to screen my clerks from further work on this case. I will instead work with another clerk
in the United States District Court for the District of New Mexico from outside of my chambers.

I started a Memorandum Opinion and Order and turned over the draft to my law clerk for
further work. In making the transition to the new clerk, however, I did not provide all of my clerk's
work to the new clerk. To avoid his influencing the analysis, I provided only the work my clerk had
done on the factual and procedural background of the case. I did not provide any work product that

Counsel of Record
Re:  <u>Hill v. Vanderbilt Capital Advisors, LLC et al.</u>, No. CIV 10-0133 JB/KBM
January 18, 2011
Page 4

involved analyzing the issues before me.

     I believe that I can be fair and impartial.  If anyone, however, has any questions about the above, please let my Courtroom Deputy Clerk, K'Aun Wild, know, and we can perhaps have a conference call.  I have instructed Mrs. Wild not to tell me who may call.  Best regards.

                      Sincerely,

                      James O. Browning
                      United States District Judge